**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-15-0000356**
**06-JAN-2016**
**11:21 AM**

NO. CAAP-15-0000356

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ZACHERY BOND, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 13-1-1017)

ORDER
(1) GRANTING OCTOBER 20, 2015 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION;
AND
(2) ALL PENDING MOTIONS ARE DISMISSED AS MOOT
(Nakamura, C.J., Fujise and Reifurth, JJ.)

Upon consideration of (1) Defendant-Appellant Zachary
Bond's (Bond) October 20, 2015 motion to dismiss appellate court
case number CAAP-15-0000356 for lack of appellate jurisdiction
over Bond's appeal from the Honorable Karen S.S. Ahn's April 15,
2015 judgment of conviction, (2) the lack of any memorandum by
Plaintiff-Appellee State of Hawai'i (State) to Bond's October 20,
2015 motion, and (3) the record, it appears that we lack

appellate jurisdiction over Bond's appeal from the Honorable Karen S.S. Ahn's April 15, 2015 judgment of conviction against Bond.

Bond is asserting an appeal pursuant to Hawaii Revised Statutes (HRS) § 641-11 (Supp. 2014), which provides that "[a]ny party deeming oneself aggrieved by the judgment of a circuit court in a criminal matter, may appeal to the intermediate appellate court, subject to chapter 602 in the manner and within the time provided by the rules of the court." HRS § 641-11 (Supp. 2015). "The sentence of the court in a criminal case shall be the judgment." HRS § 641-11 (Supp. 2015). Thus, "[u]nder HRS § 641-11, the sentence of the court in a criminal case is the judgment from which an appeal is authorized[,]" and where "[t]here [is] no conviction and sentence in . . . [a] case, there can be no appeal under HRS § 641-11[.]" State v. Kealaiki, 95 Hawai'i 309, 312, 22 P.3d 588, 591 (2001) (internal quotation marks and citations omitted).

This case qualifies as a criminal matter[1] because Bond was tried and convicted of assault in the second degree in violation of 707-711 (2014), which is a class C felony that is punishable by imprisonment pursuant to HRS § 706-660 (2014). However, the April 15, 2015 Judgment, on its face, shows that the circuit court had not yet finished sentencing Bond when the circuit court entered the April 15, 2015 judgment. The April 15, 2015 judgment expressly provides for a subsequent hearing to determine restitution scheduled for June 2, 2015, which was later rescheduled for August 28, 2015.

---

[1] "An offense . . . for which a sentence of imprisonment is authorized constitutes a crime." HRS § 701-107(1) (2014).

Under similar circumstances, this court in State v. Kilborn, 109 Hawaiʻi 435, 127 P.3d 95 (App. 2005), held:

> [J]udgments of conviction are not final unless they include the final adjudication and the final sentence. In the instant case, the sentence imposed was not the final sentence because the district court expressly left open the possibility that its sentence of Kilborn might include an order requiring Kilborn to pay restitution. The court did not finally decide whether it would order Kilborn to pay restitution and, if so, in what amount. Consequently, the December 5, 2003 Judgment is not final and, because it is not final, it is not appealable.

Id. at 442, 127 P.3d at 102 (emphases added).

As in Kilborn, the judgment in this case expressly provided for a hearing on restitution to occur after the date of the judgment.[2] Because the April 15, 2015 judgment expressly leaves open the possible future award of restitution, it did not include Bond's final sentence. Consequently, the April 15, 2015 judgment was not final and appealable under HRS § 641-11 and the holding in Kilborn.

Although Bond filed an April 22, 2015 notice of appeal from the non-final April 15, 2015 judgment, Bond's April 22, 2015 notice of appeal did not divest the circuit court of jurisdiction under these circumstances.

> The general rule is that the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case. . . . The general rule, however, assumes that the notice of appeal is valid under the applicable statutory provisions and procedural rules. Where the notice of appeal is jurisdictionally defective, filing the notice does not transfer jurisdiction from the trial court to the appellate court.

State v. Ontiveros, 82 Hawaiʻi 446, 448-49, 923 P.2d 388, 390-91 (1996) (citations, internal quotation marks and brackets). Because the April 15, 2015 judgment was not final and appealable,

---

[2] The situation in this case and Kilborn is distinguishable from the situation where the judgment does not expressly leave open the possible future award of restitution. In the latter situation, the judgment on it face would appear to be a final judgment.

Bond's April 22, 2015 notice of appeal was jurisdictionally defective, and the circuit court retained jurisdiction to subsequently enter the October 12, 2015 amended judgment that imposes the remainder of the sentence by awarding restitution in the amount of $17,534.45.  Consequently, the October 12, 2015 amended judgment is a validly appealable final judgment pursuant to HRS § 641-11.  We take judicial notice that Bond, in CAAP-15-0000875, filed a notice of appeal on November 10, 2015 from the amended judgment.

Accordingly,

IT IS HEREBY ORDERED that Bond's October 20, 2015 motion to dismiss appellate court case number CAAP-15-0000356 for lack of appellate jurisdiction is granted and this appeal is dismissed.

IT IS FURTHER ORDERED that all pending motions are dismissed as moot.

DATED: Honolulu, Hawai'i, January 6, 2016.

Chief Judge

Associate Judge

Associate Judge